**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOACHIM SAUNDERS,**

      **Plaintiff,**

  vs.                                    **Civil Action 2:15-cv-3100
                                            Judge Frost
                                            Magistrate Judge King**

**LUTHERN SOCIAL SERVICES OF CENTRAL
OHIO FAITH MISSION,** *et al.***,**

      **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff Joachim Saunders seeks leave to pursue a civil action in this Court without prepayment of fees or costs pursuant to 28 U.S.C. § 1915(a). This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e).

A federal court must dismiss a case at any time if it determines that an action instituted without prepayment of fees or costs is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). In conducting this review, a court must hold *pro se* pleadings to a less stringent standard than it does formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, even a *pro se* plaintiff must plead facts that give rise to a valid cause of action. *Stanley v. Vining*, 602 F.3d 767,

1

771 (6th Cir. 2010). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)(citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)(citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

For the reasons that follow, the Court concludes that the *Complaint* must be dismissed for failure to state a claim upon which relief can be granted.

The *Complaint*, ECF No. 1-1, alleges that the defendant organizations called the Columbus Police Department complaining that plaintiff was not following the rules of the shelter operated by them and "was making use of Luth[eran] Social Services as a hub for crime. . . ." *Id*. at 3. Plaintiff then left "the area." *Id*. Plaintiff asks

2

the Court "to take in account [his] personal insult cause of false claims in regraud to my life . . . ." *Id.* at 6 [sic].

It does not appear that complete diversity of citizenship exists between plaintiff and defendants. *See* 28 U.S.C. § 1332. The *Complaint* invokes the jurisdiction of the Court to entertain claims alleging constitutional deprivations by persons acting under color of state law, *see* 42 U.S.C. § 1983, or claims arising under the Constitution, law, or treaties of the United States, *see* 28 U.S.C. § 1331. *Complaint*, p. 2.

However, the *Complaint* does not allege that either defendant acted under color of state law. Moreover, allegations of defamation, libel, or slander are not alone sufficient to give rise to a constitutional claim. *Paul v. Davis*, 424 U.S. 693 (1976). In short, the *Complaint* fails to state a claim upon which relief can be granted.

It is therefore **RECOMMENDED** that plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 1, be denied and that this action be dismissed for failure to state a claim for relief.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

3

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                                s/Norah McCann King
                                                Norah M<sup>c</sup>Cann King
December 30, 2015          United States Magistrate Judge